IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00163-CV

 

In the
Interest of J.H., a Child

                                                                                    

 

 

 



From the 278th District Court

Madison County, Texas

Trial Court No. 05-10858-09

 



ORDER



 








            The Department of Family and
Protective Services filed the underlying proceeding as the permanent managing
conservator of J.H. seeking termination of the parent-child relationship
between the child and her mother.  The trial court granted the relief sought. 
The parties, the trial court, and this Court have, to this point, acted under
the assumption that this appeal is governed by section 263.405 of the Family
Code.  See Tex. Fam. Code Ann.
§ 263.405 (Vernon Supp. 2007).  On further review, it is not entirely clear
that section 263.405 even applies.  Therefore, the parties are ordered to brief
this issue.

            The Department first filed a suit
affecting the parent-child relationship with respect to J.H. in July 2005.  One
year later, the court signed a “Final Order in Suit Affecting the Parent-Child
Relationship.”  This “final order” appointed the Department as permanent
managing conservator but did not terminate the mother’s parental rights.  See
Tex. Fam. Code Ann. § 263.404
(Vernon 2002).

            In April 2007, the Department filed a
“First Amended Petition for Termination and Motion to Modify Access in Suit
Affecting Parent-Child Relationship.”  The Department alleged in the petition
that it has standing under sections 102.003(5) and 262.001 of the Family Code. 
The former provides that “a governmental entity” has standing to file an original
SAPCR “at any time.”  Id. § 102.003(5) (Vernon Supp. 2007).  It is at
least arguable that the latter provision does not apply because section 262.001
and successive provisions are “for the removal of a child from an abusive
home.”  See Goodson v. Castellanos, 214 S.W.3d 741, 750 (Tex. App.—Austin 2007, pet. denied).  Here, however, J.H. had already been removed from her
home in 2005 and the litigation surrounding her removal culminated in a final,
appealable judgment.

            The unique provisions of section
263.405 apply only to the “appeal of a final order rendered under [Chapter 263,
Subchapter E].”  Tex. Fam. Code Ann.
§ 263.405(a).  Thus, it may be argued that the Department’s “First Amended
Petition” was in fact an original suit affecting the parent-child relationship
governed primarily by Chapter 161 of the Family Code and that the provisions of
Chapter 263 do not apply.  Regardless, because the judgment terminates the
mother’s parental rights, this appeal is accelerated.  See Tex. Fam. Code Ann. § 109.002(a)
(Vernon 2002), § 263.405(a).

            Accordingly, the parties are directed
to provide supplemental briefs on the issue of whether this appeal is governed
by section 263.405.  The appellant’s brief shall be filed within 10 days after
the date of this Order.  The Department’s brief shall be filed within 10 days
after the appellant’s.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray not participating)

Order issued and filed
August 13, 2008

Do not publish

[CV06]